# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

VERONICA L. WHITTY,

        Plaintiff,

v.

CAROLYN W. COLVIN. Commissioner of Social Security,

        Defendant.

Case No. 3:12-cv-05314-RJB-KLS

REPORT AND RECOMMENDATION

Noted for February 14, 2014

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing of a motion for attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. See ECF #13. After reviewing plaintiff's motion, defendant's response thereto and the remaining record, the undersigned recommends that for the reasons set forth below plaintiff's motion be denied.

## DISCUSSION

On October 2, 2012, the undersigned issued a Report and Recommendation, recommending that the Court adopt the parties' stipulated motion to remand this matter, which the Court did on October 3, 2012 (see ECF #9-#11). On December 20, 2013, plaintiff filed her motion for attorney's fees and expenses pursuant to the EAJA. See ECF #13. In her response to plaintiff's motion, defendant argues plaintiff's motion should be denied as being untimely. The undersigned agrees.

REPORT AND RECOMMENDATION - 1

"A party seeking an award of fees and other expenses [pursuant to the EAJA] shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Because it "is a waiver of sovereign immunity," this "thirty day limitation period under the EAJA for submitting fee applications . . . should be narrowly construed." Arulampalam v. Gonzales, 399 F.3d 1087, 1089 (9th Cir. 2005). While that deadline "is not, strictly speaking, jurisdictional," furthermore, the Ninth Circuit has denied EAJA fess motions on the basis of failure to comply therewith. Arulampalam, 399 F.3d at 1090; see also Scarborough v. Principi, 541 U.S. 401, 413 (2004); Zheng v. Ashcroft, 383 F.3d 919, 922 (9th Cir. 2004) (finding petitioner's motion for attorney's fees to be untimely as EAJA's time limit was exceeded).

As pointed out by defendant, because the government has 60 days within which to appeal a decision of this Court, the 30-day EAJA period for submitting an application for attorney's fees and other expenses does not begin running until "60 days after entry of the judgment." Federal Rule of Appellate Procedure ("Fed. R. App. P.") 4(a)(1)(B). Here, although the Court issued an order affirming the undersigned's report and recommendation, no separate judgment was entered. "A judgment is not 'entered' for notice of appeal purposes until a separate document is filed, or 150 days have passed since the order was entered." Tuando v. Prosser, 352 Fed. Appx. 213, 2009 WL 3748106 (9th Cir. Nov. 6, 2009) (citing Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii)).

In this case, therefore, entry of the judgment occurred on March 2, 2013, which is 150 days after filing of the Court's order affirming the undersigned's report and recommendation on October 3, 2012. As noted by defendant, plaintiff then had 90 days (the 60-day appeal period

REPORT AND RECOMMENDATION - 2

plus the 30-day EAJA deadline) in which to file her motion for attorney's fees and expenses, or until May 31, 2013. But because, as defendant also notes, plaintiff did not file her motion until December 20, 2013, that motion is untimely. Given that plaintiff has offered no argument as to why the Court should not find it to be time barred, the undersigned recommends that it be denied on that basis.

## CONCLUSION

For all of the foregoing reasons, the undersigned recommends that plaintiff's motion for attorney's fees and expenses pursuant to the EAJA (see ECF #13) be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **February 14, 2014**, as noted in the caption.

DATED this 31st day of January, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3